Pearson, J.
 

 The bill is filed to stay waste, and for an account. The right to relief is put :on two grounds. The Court is of opinion that it cannot be sustained.
 

 1. In respect to the removal from the mill-, by the defendant, J. W. B. "Watson, of the mill-stone, saw, turning-lathe and grindstone, and the burning of the logs at one end of the same: One half of the mill is devised by the late Ur. Watson to the defendant, J. W. B. Watson, in fee, and the other half to the .plaintiff Orren, for life, with a contingent, remainder to such child or children as he may have living at his death, in fee. The other plaintiff, Warren, is the only child of Orren
 
 now
 
 living.
 

 The bill assumes that the plaintiff Orren and his child, the other plaintiff, represent one half of the fee simple estate as tenants in common, with the defendant, J. W. B. Watson, and it alleges that he has committed
 
 destmetme
 
 waste in the particulars above set forth.
 

 Putting out of the plaintiffs’ way the objection in regard to the tenancy in common, and supposing that relation to exist, and treating the articles removed, as
 
 fixtures,
 
 and a part of the freehold, which we are inclined to think is th^case, as between the executor and the devisee, especially the saW and mill-stone, without which the mill could not be used, w'e do not think the acts of the defendant, under the circumstances, stated in the answer, (all of which are to be taken as true, there being no replication) amount to such destruction as will call into exercise the injunctive power of this Court to restrain a tenant in common from enjoying and using the property in the manner he may see proper to do as owner.
 

 The law applicable to this question, is settled, and is thus stated in 2 Story’s Com., sec. 916•: “Although Courts of Equity will not interfere by injunction to prevent waste in eases of tenants in common, or copartners or joint tenants, because they have a right to enjoy the estate as they please, yet
 
 *52
 
 they will interfere in special cases; as where the party committing the waste is insolvent, or where the waste is destructive of the estate, and not within the
 
 usual legitimate exercise
 
 of the right of enjoyment of the estate.”
 

 If a mill be in running order, and one of the tenants in common is about to use it to grind stone for gold, or saw soapstone slabs, he may be enjoined, because that is not “a usual legitimate” mode of enjoyment. So, if he remove the stones, or saw, or any thing necessary for the use of the mill.
 

 But, in our case, the mill was not in running order; on the contrary, it had been suffered to go down for the want of necessary repairs, and was in such a condition that it could not be used. So, the question is, must all the things which had appertained to the mill lie idle and be suffered to rust, rot, or be broken ? and did the defendant, by removing them to another mill where he could use them, so far violate the rights of the plaintiffs as to entitle them to the interposition of this Court ?
 

 Both questions are evidently with the defendant.
 

 So, in regard to the old logs. The defendant, by burning them did not, under the circumstances, make himself a
 
 spolia
 
 tor, for they were rotten and of no account, and in the event of rebuilding the dam, it would be necessary to burn them or float them down the river, in order to get them out of the way. The charge in the bill, therefore, “ that the defendant
 
 wantonly and deliberately bwned and destroyed
 
 a building attached to the mill-dam,” is not supported, and the plaintiff has subjected himself to the imputation of giving a false coloring to the act.
 

 2. We are not at liberty, upon the facts of this case, to decide whether the “ Gully tract” is, or is not embraced by the clause of the will, “ along with the said moiety of the mill I devise the
 
 privilege
 
 of getting timber for the
 
 saw-mill
 
 on
 
 all my lands adjoining
 
 ”; for, supposing it
 
 to
 
 be included, as a tenant in common the defendant had a right
 
 to
 
 use the timber which he had cut and sawed as a
 
 usual and legitimate
 
 mode of enjoying the property; but in fact he is not a mere tenant in
 
 *53
 
 common; he holds an estate in severalty, subj ect to the incumbrance or privilege possessed by the plaintiffs of getting timber for the
 
 saw-mill.
 
 There is no allegation that the defendant has not left timber enough for the full enjoyment of this right; indeed, the answer avers, and such is evidently the fact, that there is upon all the land timber enough to support the mill, as it was used in the life-time of the devisor, for “a thous- and years.”
 

 In taking this ground, difficulties accumulate upon the plaintiffs; thej^ are forced te “change front” and put themselves on another clause of the will, by which all of this land is given to the defendant, J. W. B. Watson, for life, remainder to such child or children as he may leave living at his death in fee, remainder, in the event of his leaving no child, to the plaintiff Orren Dodd, George, William, and Henry Watson, in fee. It will be observed that the plaintiff, Warren Dodd, has no interest under this clause. So, in respect to this equity, he is an unnecessary party, and his joinder exposes the bill to the charge of being multifarious. But waiving that, and passing by also the fact that the plaintiff, Orren, has only a contingent remainder, the Court is of opinion that the acts of the defendant, in getting timber for the use of the buildings on the land, and in clearing some of the land and making sale of the plank to the very moderate extent which he has done, do not exceed his rights as a tenant for life, taking into consideration that there are some eight thousand acres of land, three fourths of which are still wood-land, and much of it only fit for timber. The bill must be dismissed; but we do not allow costs, as the defendant, J. W. B. Watson, by taking away the fixtures from the old mill, gave some prefect for the litigation, and the other defendants have not answered.
 

 Per Curiam. Bill dismissed.