Reade, J.
 

 The plaintiff claims title under a deed from H. B. Williams, dated July 1859. The defendant claims title under a deed from the same (Williams)"dated August 1860; so that, nothing more appearing, the deed of the plaintiff’s lessors being the older, he would be entitled to recover. But the defendant relies upon the following state of facts to invalidate that deed: In 1854, the said Williams was the owner of the land, and conveyed it to Mrs. King ; and
 
 *485
 
 in 1856, Mrs. King conveyed it to one Jones; in 1857 Jones conveyed it to Williams, so that the title came back a second time to Williams; and then Williams, in July 1859, conveyed a second time to Mrs. King. The first deed of- Williams to Mrs. King in 1854 was lost, and his second deed of 1859 was made to supply the place of the lost deed. At the foot of the deed of 1859, there is a memorandum to that effect. Thereupon, the defendant says that the deed of 1859 did not pass the title as of that date, but only as of the date of the old lost deed of 1854 — that, in all respects, the deed of 1859- was to be treated as if it were in fact the deed of 1854, and not a conveyance in 1859; and then, that being so, and the said Williams having acquired the title from Jones in 1857, and not having passed that title out of him by the deed of 1859 to Mrs. King, the title remained in him until 1860, when he conveyed it to the defendant.
 

 The theory is very ingenious, but quite fallacious. The deed of 1859 to Mrs. King professes to convey and does convey the title which Williams
 
 then had
 
 to the land. The memorandum was only explanatory. The deed of 1854, and all the subsequent deeds were really for the benefit of Mrs. King, who was then the wife of an insolvent husband; and the conveyance^ of 1854, and the loss of the deed was the real consideration of the deed of 1859.
 

 A conveyance of land in 1859, upon a consideration paid in 1854, is not a conveyance as of 1854, but is a conveyance in 1859. Williams had the title to the land in 1859, at the time of his deed to Mrs. King, and, therefore, the defendant got no title by his deed.
 

 The question of fraud was properly abandoned in this court.
 

 There is no error.
 

 ’ Per Curiam. Judgment affirmed.