WILLIAM P. LITTLE v. C. C. KING and others.

A conveyance in regular form, executed in 1859, with a memorandum under seal annexed, stating that it was made in substitution for a previous deed between the same parties for the same land, executed in 1854, and lost,—will, notwithstanding such memorandum, pass whatever estate the bargainor may have in such land in 1859.

(An injunction against the judgment at law in this controversy. [See Phil. 484.] dissolved, upon the bill and answer.)

INJUNCTION, before Logan, J., upon a motion to dissolve at January Special Term 1870, of MECKLENBURG Court.

The bill was filed in equity, Spring Term 1868, to restrain the defendants from taking possession under a writ of possession in an action of ejectment, (see King v. Little, Phil. 484,) and, as will be seen from the Opinion, the plaintiff set up in equity, grounds for relief, similar to those on which he had before relied as a defence at law. The decision turns mainly upon the facts as found by the Court, and these are sufficiently given in the Opinion.

The Judge below dissolved the injunction, and the plaintiff appealed.

*Wilson,* for the appellant.
*R. Barringer, contra.*

DICK, J. The defendants, with the exception of Williams, are the heirs at law, of Mrs. Cynthia D. King, and as such, have the legal title to the land in controversy.

"The deed of July 1859, to Mrs. King, professes to convey, and does convey the title which Williams *then* had to the land. The memorandum was only explanatory:" *King Little,* Phil. 384.

It is well settled, that Courts of Equity will assume jurisdiction to grant relief against contracts executed under mistake, or in ignorance of material facts ; but in cases where a party seeks to change or avoid his deed, on the ground of mistake or ignorance as to its legal effect, the limits of the equity of correction or rescission are more difficult to define. If the deed is such as the parties intended it to be at the time of its execution, then a mere mistake of law will not ordinarily be relieved against. In all cases of this character, it is essential that the error be on both sides, and that it be admitted by the answer, or distinctly proved. We will not consider this question further, at this stage of this case—but await the proofs. It is evident from the pleadings, that the land was originally purchased for the benefit of Mrs. Cynthia D. King, who was the wife of an infirm, improvident, and insolvent husband; and that Williams, the vendor of the plaintiff, had acted from 1854 until 1859, as her friend and trustee. The deed from Jones, the trustee of Mrs. King, to Williams, in 1857, was made without warranty, and the bill does not set forth the consideration, but states upon information, "that before the substituted deed of the 25th of July 1859, the said Williams had purchased said premises from the said Colin C. King and his wife, paying, partly in money, partly in debt, and partly in a note, which has been paid off since the war." The answer states positively that there was no consideration for the deed, from Jones to Williams—and

that the allegations of said payments are untrue. It is therefore apparent, that in 1857, Williams took the deed as a trustee for Mrs. King, and she never, in any way, discharged him from said trust until 1859. She had the equitable title of said land, and the deed of July 1859 gave her the legal title. It is certain, from this state of facts, that Williams could not have gone into a Court of Equity " with clean hands" and asked to be relieved from the legal effect of his conveyance, on the ground of ignorance of the law.

The fact that Williams has not filed an answer in this case, is somewhat significant.

We will now consider the question, whether the plaintiff is in a better condition, on the ground that he is a *bona fide* purchaser for valuable consideration, without notice of the equities affecting his vendor.

Mrs. King and her family were in possession of the land from 1854 until they were ejected by the plaintiff in 1860, always claiming as owners. It appears in plaintiff's bill, that he had a conversation with Mrs. King before he purchased the land, and she told him that the *legal* title was in Williams. The answer states that she told him that Williams had been her trustee until July 1859, when the deed conveying her the legal title was executed, and that said deed was registered; and he could see it. This evasive statement in the bill, and the direct and positive statements in the answer would seem to fix the plaintiff with full notice of the claim of Mrs. King.

The plaintiff further says "that he *quietly* took possession of premises, after his said purchase from Williams." Whereas, it appears from the answer that he brought an action of ejectment against King and his wife, " and they, being poor and embarrassed, were unable to give security for the cost of the suit and damages, and were, after judgment by *default*, ejected from the premises."

It appears, both in the bill and the answer, that King and his wife, in a short time after they were dispossessed, com-

menced an action of ejectment to recover their home, and, after many years, under the decision of the Supreme Court, they obtained the legal process to put them in possession, which is now arrested by injunction. The answer is fully responsive to the evasive bill, and as there is no equity confessed, the injunction is dissolved.

PER CURIAM.                              Ordered accordingly.