### JESSE SUMNER *v.* JACKSON SHIPMAN.

In an action of slander where the pleas are general issue and justification, the jury are not to consider the latter plea if they find the former one to be true.

Pleading general issue, *and* justification to an action of slander, does not dispense with the proving of the words spoken, nor is the latter plea an admission of the speaking of the words when the general issue has been pleaded.

Where several pleas are pleaded to the same cause of action, each is as separate and independent as if contained in different records.

*Whitaker* v. *Freeman*, 1 Dev. 271, cited and approved.

Action on the case brought under the old system, and tried before *Cloud, J.,* at Fall Term, 1870, of BUNCOMBE Superior Court.

The plaintiff declared in two counts :

1st. That the defendant had maliciously prosecuted him for perjury, and without probable cause.

2d. That the defendant charged the plaintiff with having sworn to a lie, as a witness in a suit pending in the Superior Court of law of Buncombe County, where John Sumner was plaintiff, and Eli Ashly was defendant.

The defendant pleaded general issue, statute of limitations, justification. It is unnecessary to report the evidence.

His Honor, amongst other things, charged the jury that as to the plea of justification, if they should be of the opinion from the evidence, that the plaintiff told the truth on the trial of *Sumner* v. *Ashley*, then they would find for him. On the contrary, if they should find that what the plaintiff swore to was not true, and the words alleged to have been spoken were true, then the defendant had made out his plea of justification, and they would find for him on that plea.

The jury found, that as to the first count in the declaration the defendant was not guilty. That as to the second count the defendant was not guilty. Plaintiff appealed.

*Baily*, for plaintiff.
*Phillips & Merrimon*, for defendant.

BOYDEN, J. The charge of his Honor, as to what would constitute a justification, if erroneous, could not have prejudiced the plaintiff, as the verdict for the defendant upon the plea of the general issue, precluded the consideration of the issue upon the plea of justification.

We would not be understood as intimating that his Honor's charge was erroneous upon that point, for, as we understand his charge, we are inclined to think it correct.

The counsel for the plaintiff insisted, that as the jury had not passed upon the plea of justification, he had a right to avail himself of the admission in that plea, and that he was entitled to a judgment *non obstante veredicto*.

There is no principle of law or reason, upon which such a position can be sustained. Have not the jury found that the slanderous words charged in the declaration, were never published by the defendant? and does not that put an end to the cause of the plaintiff? The counsel could not doubt this, had there been no other plea beside the general issue. Reason and common sense would seem to be sufficient to determine this question without the citation of any authority.

It has already been adjudicated that of the several pleas, each is separate and independent, as if contained in different records. *Whitaker* v. *Freeman*, 1 Dev. 271.

Upon what does the defendant rely for his defence? and in what order are the jury to consider of their verdict?

First, it was the duty of the jury (and we are to suppose they were so instructed by his Honor) to consider of their verdict upon the plea of the general issue, and should they find for the defendant, upon that plea, then they would return into Court and deliver their verdict, as the finding for the defendant upon that plea precluded all consideration of the two remaining pleas.

But, should the plea of the general issue be found for the plaintiff, then it would be the duty of the jury to consider of their verdict, upon the plea of the statute of limitation; and should the jury find this issue in favor of the defendant, then, as upon the plea of the general issue, they must return their verdict upon this plea without considering of their verdict upon the plea of justification.

There is no error.

PER CURIAM.                                  Judgment affirmed.