C. C. and G. W. KING, Executors v. WILLIAM P. LITTLE.

*Ejectment--Mesne Profits--Husband and Wife--Executors and Administrators--Statute of Limitations.*

1. Where pending an action of ejectment brought by husband and wife to recover possession of land to which they were entitled in right of the wife, the husband dies ; *Held,* that the action survives to the wife, and upon her death to her heirs and devisees.

2. In such case the right to the rent current and in arrear, and also to damages for waste, survives to the wife.

3. Upon the death of the wife her executor is entitled to recover the rents which accrued between the date of the demise and her death. Those which accrued after her death belong to her heirs and devisees.

4. Such action is not barred by the statute of limitations.

CIVIL ACTION tried at August Special Term, 1877, of MECKLENBURG Superior Court, before *Schenck, J.*

This was an action brought by the plaintiffs as executors of Cinthia D. King against the defendant for mesne profits. The plaintiffs alleged that the defendant took possession of a tract of land belonging to their testatrix whose right thereto had been determined in an action of ejectment, (see *King* v. *Little,* Phil. Law, 484,) which was prosecuted by C.

·C. King, Senior, and wife Cinthia, jointly, until the death ·of the husband in December, 1865, when it was prosecuted by Cinthia, as administratrix and in her own right.   Upon her death in 1868, her executors were made parties plaintiff and took out a writ of possession.   Little then obtained an injunction which was dissolved in 1870.   (See *Little* v. *King,* 64 N. C. 361.)  And thereupon he surrendered the possession to the present plaintiffs.

It was further .alleged that the wrongful possession of Little continued from January, 1861, until ·March, 1870, ·during which time he committed waste upon the premises by cutting down trees, &c.

The defendant admitted the material allegations of the ·complaint, but insisted that the plaintiffs could not recover the profits which accrued during the coverture.   Upon issues submitted the jury found that the annual rent of the land from January, 1861, to March, 1870, was $50, and that no ·damage resulted from the waste alleged to have been committed.

His Honor held  that the plaintiffs were only entitled to recover the mesne profits which were received by the defendant from the date of the  death of C. C. King, Senior, ·(December 25th, 1865,) to that of  the plaintiff's testatrix, ·(January 28th, 1868.)   Judgment.   Appeal by plaintiffs.

*Messrs. R. Barringer* and *J. E. Brown,* for plaintiffs.
*Messrs. Shipp & Bailey* and  *W. W. Flemming,* for defendant.

BYNUM, J.   All chattels personal which the wife has in possession in her own right are vested in the husband by the marriage, although he does not survive her.  But with respect to her choses in action  they survive to her on the death of the husband, unless he shall have interfered  by doing some act reducing them into possession.

At the date of the demise in the action of ejectment the

land belonged to the wife, and the demise was laid in the name of the husband and wife. Upon the death of the husband the action survived to the wife, and upon her death, to her heirs and devisees by whom a recovery of the possession was ultimately had. If the husband and wife were entitled to the possession of the land in right of the wife during their coverture, in the same right and for the same time they were entitled to the profits of, and the damages done to it; and as upon the death of the husband the land and the action to recover the possession survived to the wife, in the same way, the right to the mesne profits and damages for waste which pertained to the realty also survived to the wife.

No question is made but that the executors of the wife are entitled to recover the mesne profits which accrued between the death of the husband and the death of the wife, but it is insisted that they cannot recover those which accrued during the coverture; that is, between the date of the demise and the husband's death. But as the right to these profits was a chose in action of the wife not reduced into possession by the husband in his lifetime, no reason is given why upon his death these mesne profits and the right to recover them do not survive to the wife.

The general principle is that arrears of rent accrued in the lifetime of the husband belong to the wife in preference to the husband's executors. Thus if the husband die before the wife, and rent is in arrear which was reserved to them jointly on an underlease of the wife's leasehold estate, she will not only be entitled to the accruing rent but also to the arrears; because they remaining in action and being due in respect of the joint interest of the husband and wife in the term, would with their principal, the term, survive to the wife. 1 Roper, Husband and Wife, 175; 1 Williams on Executors, 761, 762. So if a husband be seized of a rent service, rent charge or rent seck in right of his wife and the

rent be in arrear during coverture, and then the husband dies, the wife shall have the arrearage and not the executors of the husband, because the principals which survived to her carried also all that was due in respect of them. Co. Litt. 351. b ; *Temple* v. *Temple,* Cro. Eliz. 791. 1 Williams on Ex'rs, 762–3.

When the husband was seized or possessed of tithes in right of his wife or jointly with his wife, and the husband died, it was held that the wife and not the executors of the husband should have an action for the subtraction of such tithes. So if an estray comes into the manor of the wife and the husband dies before seizure, the wife shall have it, for that the property was not in him before seizure. Co. Litt. 351. b. Williams on Ex'rs. 763, Bac. Ab. Title, *Tithes, F.*

These examples are sufficient to show that in the cases of rents, tithes, &c., not only that which was current at the husband's death but also that which was in arrear survived to the wife; and as in our case the mesne profits are of the nature and stand in lieu of the rents, no practical distinction can be drawn between the rights of the wife in the latter case and the former.

The wife therefore at her death was entitled to all the mesne profits and damages for waste, and her executors are entitled to recover all which accrued between the date of the demise and the death of the wife; those which accrued after her death and until the premises were vacated by the defendant belong to the devisees and heirs and can not be recovered in this action.

It is admitted in the answer that the husband, C. C. King, died on the 25th of December, 1865, and that the action of ejectment was begun on the 15th of January, 1861. From the latter date to the death of Mrs. King, to-wit, the 28th of January, 1868, the plaintiffs are entitled to recover against the defendant at the rate of $50 per annum, the assessed

value of the mesne profits as fixed by the verdict of the jury. The statute of limitations does not bar the action.

Error. Judgment reversed and judgment here for the plaintiffs in accordance with this opinion.

PER CURIAM.                                Judgment reversed.