ANDREW SYME, Adm'r, v. JOHN N. BUNTING and others.

*Pleading—Complaint—Suit on Official Bond.*

1. A complaint in an action upon two official bonds given for separate
   terms of office, against a clerk and a single surety to both, alleging
   misapplication of funds paid into the clerk's office during the two
   terms, is not demurrable for misjoinder of independent causes of ac-
   tion ; and this, even though the penalties of the bonds are in different
   sums.
2. A reference ought not to be ordered before issues are raised between
   the parties to the cause.

(*Merwin* v. *Ballard,* 65 N. C., 168; *Matthews* v. *Copeland,* 79 N. C., 493;
   *Young* v. *Young,* 81 N. C., 91, cited and approved.)

CIVIL ACTION tried at Spring Term, 1882, of WAKE Su-
perior Court, before *Bennett, J.*

Defendants appealed from the ruling below.

*Messrs. A. Jones, W. H. Pace* and *Walton Busbee,* for plaintiff.
*Messrs. Reade, Busbee & Busbee* and *Hindsdale & Devereux,*
for defendants.

SMITH, C. J.    Upon the filing of the complaint which
charges a breach of the official bond of the defendant Bunt-
ing, executed to secure the faithful discharge of his duties,
as clerk, for the term expiring in 1878, it was ordered by
the court " that this case be referred to A. W. Haywood to
take account, &c., under the Code of Civil Procedure."
During the reference, the relator obtained leave of the ref-
eree to amend his complaint by inserting a cause of action
arising upon a bond given for a preceding term of office
which expired in 1874, and was allowed " to take a non-
suit," as erroneously miscalled in the case, instead of " to
enter a *nolle prosequi,*" as to one of the sureties, a defendant,
who had not executed the first bond, leaving the action to

proceed against the principal and the single surety to both. The defendants except to the amendment and demur to the amended complaint. The referee, without proceeding further in the hearing made his report to the court, to the referee's rulings in which a similar objection is made in the form of exceptions thereto, and His Honor gave judgment sustaining the referee and overruling the demurrer and exceptions, and the appeal presents a single point.

The complaint alleges a misapplication of funds paid into the clerk's office, during two terms, the one following the other, and the action is against the clerk and the common surety upon the bonds given for the separate terms.

Is this admissible, or is it a demurrable misjoinder of independent causes of action?

We concur in the opinion of His Honor that there is no such misjoinder, and the causes of action may be united in the same complaint. It will not be questioned that separate actions between the same parties can be maintained for breaches of the separate bonds, and as both are founded on contract and embraced in section 126 of the Code, we see no reason why the relator should be put to the expense and inconvenience of prosecuting two suits against the same obligors, where full relief may be attained in a single suit.

It is the common practice to sue upon two notes or bonds, and recover in one action against persons who are liable on each, and this, notwithstanding there may be others liable on one or the other only, who are not parties to the suit; and this results from the fact that the obligation is several as well as joint under the statute. Acts 1871–'72, ch. 24, § 1, C. C. P. § 63; *Merwin* v. *Ballard*, 65 N. C., 168. Why should a different rule be applied to official bonds, and the relator be forced to seek in several actions the relief to which he is entitled against the same defendant, and that can as well be administered in one? In *Matthews* v. *Copeland*, 79 N. C., 493, the plaintiff was allowed to insert in his

complaint causes of action arising out of alleged breaches of the bonds of a clerk and master, given for distinct terms of office, against sureties who with their principal had executed both. In the argument, some stress was laid upon the words used by BYNUM, J., delivering the opinion—" As the defendants are the *only sureties* upon both bonds, their liability is the same, whether the breach was of the one or the other "—yet the principle announced, that the same defendants are liable for the breaches assigned, must equally govern when there are others not sued also liable upon one or the other. It is the common liability of the defendants for the default of the clerk, (and this irrespective of its being shared with others,) and arising out of contract, which allows the association of two distinct causes of action in one and the same complaint, and removes the imputation of duplicity.

It is suggested that as the penalties are in different sums, and the responsibilities of the sureties for contribution, in case of a recovery against the present defendant, variant, and unequal, confusion will result in an attempt to adjust the equities that may arise, and therefore separate actions should have been brought upon each bond. This result may or may not follow a recovery against the present surety, alone a party, but it cannot affect the right of the relator to enforce his own obligation against him and compel him to pay for the clerk's official delinquencies during both terms of office.

But the difficulty is apparent rather than real. If the defaults are several and the measure of damages assessed for each, the judgment could be rendered for each penalty to be discharged on payment of the damages severally assessed ; or if the recovery is confined to one bond, the judgment would be upon that only, and the apprehended contingency would not arise.

But if there were force in the objection, that inconve-

nience in adjusting the responsibilities among the different sets of sureties, *inter sese,* may be produced by prosecuting the action to judgment against a surety belonging to each class, it does not furnish a reason for depriving the relator of his right to assert, in one action, his claim against a party who has entered into both bonds, and is equally liable in damages for the official delinquencies of the clerk during both terms. The subject has been so recently examined that we refrain from doing more than to refer to the case of *Young* v. *Young,* 81 N. C., 91.

We advert to an irregularity, lest our silence be deemed an approval of the course pursued, in making the reference before any issues are raised between the parties by the pleadings or otherwise, and without the interlocutory judgment consequent upon the failure to demur or answer. But as the demurrer arises solely upon the complaint in its amended and not in its original form, the referee properly suspended further proceedings under the order, and reported his action and rulings to the judge for his consideration and decision. This places the case in the same position as if there had been no reference, and the amended comclaint and the demurrer thereto had been filed in the court.

There is no error, and the judgment must be affirmed.

Let this be certified to the court below for further proceedings.

No error.                                Affirmed.