JOHN H. REED v. RICHARD REED.

*Pleadings—Admissions—Description of Land.*

1. Where in an action on an instrument in writing, the answer denies the allegations of the complaint, and for further defence to the action pleads matters in avoidance, it is error for the Court below to disregard the denials and adjudge that the answer admits the instrument.

2. A defendant can plead several defences, even though they be inconsistent.

3. Admissions made by parties on the trial and in the presence of the Court are only binding when they are recognized and treated as such.

4. Where land is described as "lying on Laurel, reference being had to a deed from J. R. to me, for a more definite description," it is too vague without the introduction of the deed in evidence.

(*Whedbee* v. *Riddick*, 79 N. C., 518; *Sumner* v. *Shipman*, 65 N. C., 623; *Capps* v. *Holt*, 5 Jones' Eq., 153; *Hinchey* v. *Nichols*, 72 N. C., 66; *Dickens* v. *Barnes*, 79 N. C., 440; *Harrell* v. *Butler*, 92 N. C., 20, cited and approved).

CIVIL ACTION tried before *Gudger, Judge,* at November Term, 1885, of MADISON Superior Court.

The complaint alleged in substance, that the plaintiff became surety for the defendant for a bill of costs in which the defendant had been cast, in the sum of about two hundred and fifty dollars. That in order to indemnify the plaintiff, the defendant had delivered to him his bond under seal, which had been duly

registered, by which he bound himself to make a good and suffi-cient deed to the plaintiff for one hundred and seven acres of land, if the plaintiff should suffer loss by reason of. becoming surety for the said costs.    That the defendant had failed to pay the costs, and the plaintiff had been forced to do so, and that the defendant had failed and refused to execute the deed.

The only part of the bond material to the opinion in this Court, is the description of the land agreed to be conveyed, · which is in these words: "one hundred and seven acres of land on Laurel, reference being had to a deed from John Reed to me for a more specific description."

The answer, after denying the allegations of the complaint *seriatim*, proceeded as follows:    "For a further defence to said complaint, the defendant says, that the alleged bond is void and of no effect, on account of the vagueness, indefiniteness and uncer-tainty of the description of the land alleged to be referred to in said bond, and because it describes no land claimed by the de-fendant."

"For a further defence to the complaint, the defendant alleges, that the said alleged bond having been executed, as alleged in the complaint, as an indemnity and security to the plaintiff, it is in effect a mortgage and should be treated as such by the Court, and the land mentioned therein sold on such terms as to the Court may seem just and proper, and the plaintiff re-imbursed out of the proceeds of such sale all such sums as he may have been compelled to pay on account of the suretyship mentioned in the complaint, and the remainder of such proceeds paid to the defendant."

When the case was called for trial, the plaintiff was permitted to amend his prayer for relief by asking only for a sale of the land, instead of the execution to him of a deed therefor.    He also asked that the trial be postponed until he could get a wit-ness to prove the execution of the bond declared on, and the payment by the plaintiff of the bill of costs.    The defendant thereupon, said that he would admit the execution by him of the

paper, and the payment of the money by the plaintiff, and would rest his case on the uncertainty and vagueness of the description of the land in the bond, and offered to prove that there was no such deed in existence as the one referred to in the bond. The deed was not produced by the plaintiff, nor was any evidence offered of its existence.

His Honor was of opinion that the last defence set up in the answer, admitted the sufficiency of the description of the land in the bond, or at least was a waiver of the objection, and refused to submit any issue in relation to the description of the land to the jury, and rendered a judgment that the land be sold. To this judgment the defendant excepted and appealed.

No counsel for the plaintiff.

*Messrs. Geo. A. Shuford* and *Gudger & Carter,* for the defendant.

MERRIMON, J. We are of opinion that the Court misapprehended the meaning and effect of the pleadings, and particularly, the effect of the answer.

In the latter, the defendant broadly denies all the material allegations of the complaint, thus raising issues of fact to be tried by a jury.

The second and third defences set forth, were not, nor were they intended to be, admissions of the execution of the bond alleged in the complaint, or the effect of it.

They refer to it as the "alleged bond," and the obvious purpose was to insist, first, that if the bond was executed as alleged, then and in that case, it would, for the causes stated, be inoperative; and secondly, if the last mentioned defences were not good, then the bond, if it existed, should be treated as a mortgage.

Nor could the answer be treated as an admission that the plaintiff paid money for the defendant as alleged.

Although the defence is not very skillfully drawn, it is obvious that the defendant and pleader did not intend by his answer,

simply to admit the allegations of the complaint and aver new matter in avoidance.

He had a right to plead several defences, even though they be inconsistent. The Code §245; *Whedbee* v. *Riddick*, 79 N. C., 518; *Sumner* v. *Shipman*, 65 N. C., 623.

In the case settled upon the appeal for this Court, it is stated that the defendant said, it seems *ore tenus*, that he would admit the execution by him of said paper, and the payment by the plaintiff of said cost, &c. But such admission was not entered on record, nor does it appear that it was accepted or recognized by the Court. It is not mentioned in the recitals of fact in the judgment, and, on the contrary, it is recited, that it appearing by the answer of said defendant, that the paper writing made a part of said complaint was executed by said defendant, &c. What was said, seems to have been treated as a loose proposition to admit the execution, not accepted or acted upon. Admissions of parties on the trial and in the presence of the Court, are certainly binding, where they are recognized and treated as such—not otherwise.

Further, the Court treated the last ground of defence set forth in the answer, as an admission of the sufficiency of the bond alone, as evidence of an agreement in writing to convey a designated tract of land.

For reasons already stated, we think this defence was not an admission at all, but if it should be so treated, it is manifest that the reference to the land in the condition of the bond is so vague and indefinite, as to render it of itself inoperative and void.

The stipulation is for the conveyance to the plaintiff of "one hundred and seven acres of land on Laurel, reference being had to a deed from John Reed to me for a more specific description." This description, without the aid of the deed referred to, is wholly insufficient. That deed was not before the Court; indeed, it was contended that no such deed was in existence, in which

30

case, the Court would not—could not—decree specific performance. *Capps* v. *Holt*, 5 Jones' Eq., 153; *Hinchey* v. *Nichols*, 72 N. C., 66; *Dickens* v. *Barnes*, 79 N. C., 440; *Harrell* v. *Butler*, 92 N. C., 20.

There is error, for which the judgment must be reversed, and further proceedings had in the action according to law.

To this end, let this opinion be certified to the Superior Court of the county of Madison. It is so ordered.

Error.                                    Reversed.