JOHNSTON v. CASE.

(Filed June 6, 1903.)

DEEDS—*Descriptions—Reference to Another Deed.*

> Where a deed recites that it conveys the land sold by a certain grantor to a certain grantee, the description of the land given in the deed referred to cannot be considered without proof that such deed was executed prior to the deed offered in evidence.

PETITION to rehear this case, reported in 131 N. C., 491.

*Merrimon & Merrimon, Charles A. Moore* and *George A. Shuford,* for the petitioner.
*Jones & Jones* and *S. H. Reed,* in opposition.

WALKER, J. This is a petition to rehear the above entitled case, which was decided at the last term, and is reported in 131 N. C., 491.

The plaintiffs, who have petitioned for the rehearing, assigned several errors in the former opinion and judgment of the court, but we do not deem it necessary to consider but one of them, as the decision of the court, by which a new trial was awarded, must be sustained upon the ground we now take with reference to that assignment of error.

It appears that the plaintiffs undertook to establish title to the land in controversy by showing that it had been mortgaged by one James Case, ancestor of the defendants, to William Case and then they attempted to show that William Case in 1855 had conveyed the land by deed to W. L. Henry. This deed was not produced and it was alleged to have been lost. Plaintiffs then introduced in evidence a paper-writing, signed by William Case, but not under seal, purporting to convey the land to W. L. Henry, which bore date as of the 15th day of May, 1855, but was not proved and registered

until 1887. There was annexed to and proved and registered with this deed, a memorandum as follows:

"The above is a duplicate of a deed heretofore executed by me to W. L. Henry and his heirs for the said lands, which deed was lost before it was registered. This is a duplicate of the same tenor and date as near as I can make it. Signed, William Case."

The defendants objected to the introduction of this paper-writing; the objection was overruled and they excepted.

The plaintiffs then introduced a deed from Jesse Sumner, sheriff, to George Brooks, under whom they claimed, and also evidence tending to show, as they contended, that they had been in adverse possession of the land for more than seven years under this deed, which was held by this court to be color of title. *M'f'g Co. v. Brooks,* 106 N. C., 107. The description of the land by metes and bounds in this deed was defective, but immediately after that description are these words: "Containing one hundred acres, more or less, being the land sold by William Case to W. L. Henry," and the plaintiffs insisted that, by this reference, the description in the deed from William Case to W. L. Henry, if such a deed was ever made, constituted a part of the description of the land in the deed of Jesse Sumner, sheriff, to George Brooks, as much so as if the land had been described in the latter deed by the same metes and bounds contained in the former; and that the description would, in this way, be made definite and certain and that the adverse possession of the plaintiffs and those under whom they claimed was held for a sufficient length of time, therefore, "under known and visible lines and boundaries and under colorable title," to ripen and perfect their title. In order to avoid the effect of the disabilities of defendants, or some of them, the plaintiffs contended that they had shown conveyances from James Case, ancestor of defendants, to William Case and from the latter

to W. L. Henry, and that W. L. Henry had held adverse possession, under the deed to him as color of title, for a length of time sufficient to ripen his title, but that he had subsequently lost his title by reason of the color of title and adverse possession of the plaintiffs and those under whom they claim. That, as the statute commenced to run in the lifetime of James Case, the defendants, his heirs, are barred though under disability, and that, in order to show title in themselves, it was competent for the plaintiffs to prove that the title of James Case was lost by him and the title to the land acquired by W. L. Henry by adverse possession under color, and that W. L. Henry, in turn,' had lost his title and the title to the land was acquired by the plaintiffs by subsequent possession under color. It is further contended that it was not necessary to connect themselves with the title once held by W. L. Henry, but that they could show, as they had done, an independent title acquired by color and possession adverse to him. In other words, that they had acquired the title not under him, but independently of him by their color and adverse possession. As we understand it, this is the contention of the plaintiffs and they may be right in asserting that they could acquire title to the land in that way, but we do not now decide whether this is so or not, for, if they are right, a part of the evidence by which they sought to establish this title was not competent and should not have been admitted. We refer to the unsealed paper-writing purporting to be a copy of the alleged deed from William Case to W. L. Henry. It does not appear in the case when this paper-writing was executed. It is dated May 15, 1855, which is said to be the date of the deed of which it is alleged to be a copy, but it was not proved and registered until December 9, 1887. It is true that the deed concludes with the following words: "In testimony whereof I have hereto set my hand and seal the day and year first above written," but it is evident that

this was intended merely to make the paper conform to the supposed original, both in tenor and date, and this purpose is clearly manifested in the memorandum annexed to the deed, which was introduced with it in evidence.    The deed of Jesse Sumner, sheriff, to George Brooks was executed in 1869.

It must be conceded that the description in one deed may be referred to in another for the purpose of identifying and making more certain the lines and boundaries of the land which is intended to be conveyed (*Everitt v. Thomas,* 23 N. C., 252; *Reed v. Reed,* 93 N. C., 462; *Davidson v. Arledge,* 88 N. C., 322; *Hemphill v. Annis,* 119 N. C., 514), "provided," as is said in the last case cited, "the language used points so clearly to the explanatory deed or instrument as to make it possible to identify it," and provided, further, that the deed to which reference is made is produced at the trial. *Reed v. Reed, supra.*    In our case, the original deed was not produced and perhaps, could not be, as it is alleged to have been lost.    It does not appear, as we have said, when the paper-writing from William Case to W. L. Henry, registered in 1887, was executed, and we do not think it was competent for the plaintiffs to prove the contents of the original by the unsworn declaration of William Case in the memorandum, that it was a copy of the original conveyance.    Indeed, he does not even state that it is a true copy, but says : "This is a duplicate of the same tenor and date as near as I can make it."

If the copy or substitute for the original deed had been executed before the date of the sheriff's deed to Brooks, there might be some ground upon which to base an argument that it could be used for the purpose of showing what land was meant by the following language in the sheriff's deed : "Containing one hundred acres, more or less, being the land sold by William Case to W. L. Henry."    *King v. Little,* 61 N. C., 484; *Little v. King,* 64 N. C., 361; but the burden would be

upon the plaintiff to show that the paper alleged to be a substitute for the original deed was executed before the date of the sheriff's deed. If it was not in existence at the date of the sheriff's deed, how could it be said to be the deed referred to therein?

It is unnecessary, in the view we have taken of the case, to consider the other assignments of error, except for the purpose of saying that the court by inadvertence erroneously assumed at the last term that the plaintiffs had admitted in their reply to the answer that the title to the land was at one time in James Case, the ancestor of the defendants.

It appears by a careful examination of the pleadings that it was denied by the plaintiffs that James Case ever had any title to the land.

The case is now decided and the new trial awarded upon the single ground stated in this opinion and without any prejudice to the plaintiffs by reason of the other grounds set forth in the former opinion.

There was error in admitting the paper-writing alleged to have been made by William Case to W. L. Henry and registered in 1887 for the reason herein given and the decision, at the last term, will stand subject to the qualification above stated.

Petition Dismissed.