THOMAS A. VICK v. JOSHUA TRIPP, Jr., et als.

(Filed 29 September, 1910.)

**1. Tenants in Common—Partition—Infant—Parties.**

A proceeding in partition of lands among tenants in common does not bind an infant not represented in any manner nor properly made a party.

**2. Same—Ratification—Estoppel—Election.**

An infant having an interest in lands as a tenant in common, and not bound by partition had thereof by the other tenants, by joining in a deed from his co-tenants after his majority, to a part of the lands so held, and reciting the partition proceedings for description only, is only estopped to claim title as against those claiming under the deed; and is a ratification only of the lands conveyed; and his joining in the deed does not evidence his election to take the land conveyed therein as his part of the lands held in common.

**3. Same.**

C. bequeathed certain property to his wife and devised certain of his real property to his four surviving children, T., R., M., and L. T. died devising all of his estate therein to his mother for life, "at her death to" the plaintiff. R. conveyed his said interest to his mother. Afterwards, in proceedings in partition, the tenants in common divided the lands without in any manner making the plaintiff, who was then a minor, a party. In these proceedings, three certain tracts of the land were set apart to the mother,

VICK v. TRIPP.

on one of which there was a storehouse; to one of the tracts the defendant claims title by mesne conveyances from the mother. After coming of age the plaintiff joined in a deed with the widow of C., conveying the storehouse, and subsequently the widow died. *Held*, (1) by joining in the deed to the storehouse property, the plaintiff is not estopped in his action for possession and accounting for the rents and profits of the other lands; (2) the doctrine of election has no application; (3) a recital in the deed of the proceeding in partition would only have the effect of estopping plaintiff from denying the existence thereof and the conclusiveness of its effect as a division of the real estate.

**4. Partition—Tenants in Common—Vendee.**

A vendee of an undivided interest in lands held in common can commit such waste as "is destructive of the estate and not within the usual legitimate exercise of the right of enjoyment of the estate."

APPEAL from *Peebles, J.,* at the January Term, 1910, of PITT.

T. R. Cherry died in the spring of 1890, in Pitt County, leaving a last will and testament, which was duly admitted to probate. After bequeathing all his household and kitchen furniture and all other personal property in his house to his wife, Sallie A. Cherry, he devised all the balance of his estate to his four surviving children, to-wit, T. A. Cherry, R. D. Cherry, Mrs. Maggie S. James and Lillian Cherry. The balance of his estate consisted of several town lots and several parcels of farm lands, including the land involved in this controversy. Subsequently, T. A. Cherry died in 1891, leaving his last will and testament, which was duly admitted to probate in Pitt County, in which he devised all his estate to his mother, Sallie A. Cherry, "to have and to hold her lifetime and to use for her benefit exclusively; at her death to Thomas Argall Vick," and if he should die under twenty-one years, then other disposition was made. Thomas Argall Vick is the plaintiff and was a nephew of T. A. Cherry. Subsequently, also, to the death of T. R. Cherry, R. D. Cherry— a son and devisee of the testator, T. R. Cherry—conveyed his undivided interest to his mother, Sallie A. Cherry, by deed duly recorded. Still later, a special proceeding for partition was brought in the Superior Court of Pitt County by J. B. Cherry, S. A. Cherry, Lillie Cherry, Maggie James and her husband, D. L. James, against Thos. J. Jarvis, H. E. Daniel and another.

J. B. Cherry, one of the plaintiffs in the partition proceeding, was a tenant in common with the testator, T. R. Cherry. The plaintiff, Thomas Argall Vick, being at that time an infant of tender years, was not made a party, plaintiff or defendant, to said proceeding, nor was any guardian *ad litem* or next friend appointed for him, nor any process served upon him, or his name mentioned in the petition. The petition alleged that the plaintiffs were tenants in common, seised in fee and in possession of the lands and lots described, among them the land in this controversy. As a result of, and by the judgment of, the court in that proceeding, begun in 1895, three lots were set apart to, and allotted to, Sallie A. Cherry, to-wit, a storehouse and lot in Greenville, a lot in Greenville containing 3 1-5 acres, and the farm containing 192 1-2 acres, the land admitted to be in the possession of the defendant. It was admitted that the storehouse and lot, at the date of the partition, was worth twice as much as the other two parcels of land. On 25 September, 1897, Sallie A. Cherry sold and conveyed the land in controversy to Henry Sheppard, and it has by mesne conveyances come to the possession of the defendant Tripp. At the date of these deeds the plaintiff was an infant and did not join therein. Sallie A. Cherry died 30 December, 1908, and this action was commenced 21 April, 1909. On 21 July, 1905, the plaintiff then being of age, joined Sallie A. Cherry in a deed for the storehouse and lot, which in the description these words are used, "which was allotted to the said S. A. Cherry in the division of the lands of T. R. Cherry & Co., as recorded in the clerk's office of Pitt County, in the record of the division of lands in Book 2, page 163, to which reference is hereby made." The plaintiff sues to be let into possession with the defendant, as tenants in common, entitled to an undivided one-half interest, for an accounting for rents, and timber cut and sold. The court intimated upon the foregoing facts:

"1. That plaintiff could not ratify the partition proceedings as to the quantity of land allotted to S. A. Cherry and repudiate it as to the quality of the estate. 2. That his joining in the deed to the store lot with S. A. Cherry was an election to take it as his share of the lands. 3. That if he had not signed the

deed to the store lot, the plaintiff had the right in equity to com-
pel S. A. Cherry to take the two tracts conveyed to her as her
share of the common property, and that the plaintiff having, by
signing the deed to the store lot, deprived defendant of this
means of protecting himself, was in equity and good conscience
estopped from claiming any interest in the *locus in quo.*" To
this intimation of his Honor, plaintiff, having excepted, sub-
mitted to a nonsuit and appealed to this Court.

*W. F. Evans* and *Harry Skinner* for plaintiff.
*Jarvis & Blow* for defendants.

MANNING, J.   As an adjudication of the right, title or interest
of the plaintiff in the common property, the judgment of the
court in the special proceedings was a nullity.   The plaintiff
was not a party to that proceeding in name or by service of pro-
cess, nor did anyone pretend to appear for or represent him.   It
is contended, however, that he is effectually concluded and
estopped by that judgment as if he were a party thereto, because
ten years thereafter he joined Mrs. S. A. Cherry—one of the
parties to that proceeding—in a deed to one Brown, conveying
one of the lots allotted to Mrs. Cherry, and because reference to
that proceeding is made in the deed for a more particular
description of the lot.   But the deed to the *locus in quo* was
made by Mrs. Cherry several years before the deed to Brown,
and while the plaintiff, it seems from the evidence, was an in-
fant.   So that it is now contended that the plaintiff is estopped
by a judgment entered in a proceeding to which he was not a
party, and by a deed to which he was not a party and of which
he had no knowledge, solely because he joined in the deed to
Brown.   It would seem that the fact that the plaintiff joined
with Mrs. Cherry in the deed to Brown was, at least, an asser-
tion of claim by him to an interest in the land conveyed and a
recognition of such claim by Mrs. Cherry and the grantee.
Otherwise, his joinder was wholly unnecessary.   The defendants
were strangers to that deed; they assert no title under it.   If we
concede that the recital in the descriptive clause was a recogni-
tion of the special proceedings and could be held an estoppel

upon plaintiff to deny the existence of the special proceedings and the conclusiveness of its effect, it could be taken advantage of only by the grantee in that deed, or those claiming under him. This is discussed in *Lumber Co. v. Hudson,* at this term. In *Johnston v. Case,* 132 N. C., 795, *Walker J.,* speaking for this Court, said: "It must be conceded that the description in one deed may be referred to in another deed for the purpose of identifying and making more certain the lines and boundaries of the land which is intended to be conveyed *(Everett v. Thomas,* 23 N. C., 252; *Reed v. Reed,* 93 N. C., 462; *Davidson v. Arledge,* 88 N. C., 326; *Hemphill v. Annis,* 119 N. C., 514), provided, as is said in the last case cited, the language used points so clearly to the explanatory deed or instrument as to make it possible to identify it, and provided further, that the deed to which reference is made is produced at the trial." This is undoubtedly the ordinary purpose, but it may, in exceptional cases, in conjunction with other facts, constitute an estoppel upon the grantor as well as the grantee. The other facts in this case all tend to contradict, instead of supporting, an estoppel against the plaintiff, and would seem to limit the reference to the special proceedings to the purpose of aiding in the description of the lot. We do not think the doctrine of election applicable to or decisive of this case; this "doctrine rests on the maxim that he who asks equity must do it, and means that where two inconsistent rights are presented to the choice of a party, by a person who manifests a clear intention that he shall not enjoy both, he must accept or reject one or the other; in other words, that one cannot take a benefit under an instrument and then repudiate that instrument." Fetter on Equity, 51; *Tripp v. Nobles,* 136 N. C., 99; *Norwood v. Lassiter,* 132 N. C., 52, in which case several illustrations are given of the application of this doctrine. The facts of this case certainly do not disclose any of the circumstances essential to the application of the doctrine to the plaintiff, certainly to the extent that will in any way inure to the benefit of the defendants. At the most, it can be said that the joinder of the plaintiff in the deed containing the references to the special proceedings, was only a recognition by him that the lots set apart to Mrs. S. A. Cherry in that proceedings were the shares

of R. D. Cherry and T. A. Cherry, as tenants in common in the lands devised under the will of T. R. Cherry; and the effect of this would be simply to avoid another proceeding for partition. Accepting this as the limit of conclusiveness upon plaintiff of the recital in the deed executed by him with Mrs. Cherry the plaintiff would be tenant in common of an undivided one-half interest in the other parcels of land allotted to Mrs. Cherry; and as the defendants have, by the deed of Mrs. Cherry, become the owners in fee of her interest, it must follow that the plaintiff is entitled to be admitted into possession of the *locus in quo* as tenant in fee of an undivided one-half interest, and to an accounting for the rents and profits since Mrs. Cherry's death, and for the timber sold. The life tenant, Mrs. Cherry, could not, by her deed, authorize her vendee to commit waste, nor could the defendant, Tripp, as tenant in common of an undivided one-half interest, commit such waste as "is destructive of the estate and not within the usual legitimate exercise of the right of enjoyment of the estate." *Dodd v. Watson,* 57 N. C., 48; 17 Am. & Eng. Enc., 671; *McPherson v. McPherson,* 33 N. C., 391; *Roberts v. Roberts,* 55 N. C., 131. Nor can we see, as intimated by his Honor, how plaintiff's joining with Mrs. Cherry in the deed to Brown, with its reference to the special proceedings, was a ratification by him, not only of the land set apart to Mrs. Cherry as the part she was entitled to under the deed of R. D. Cherry and the will of T. A. Cherry—her only sources of title to any interest—but also that she was the owner in fee thereof and that he, the plaintiff, became divested of all interest devised to him under the will of T. A. Cherry. We cannot perceive any element of ratification in this act further than we have already suggested as its ultimate limit. If we concede that plaintiff's act was a recognition of the partition proceedings, to the extent of the allotment to Mrs. Cherry as the shares of R. D. Cherry and T. A. Cherry, the plaintiff, upon the death of Mrs. Cherry, became entitled as tenant in common to an undivided one-half interest in the lands so allotted, the other tenants in common being those claiming under Mrs. Cherry as the assignee of R. D. Cherry. This tenancy in common extended to each separate tract unless, as in the case of the lot sold to Brown, the plaintiff

had joined in a deed conveying it. This must be true regardless of, and unaffected by, the value of any particular tract. There has been no partition by deed or otherwise between those claiming under Mrs. Cherry, as the assignee or vendee of R. D. Cherry, and the plaintiff, as the devisee of the fee of the interest of T. A. Cherry under his will. For the reasons given, the judgment of nonsuit will be set aside and the action further proceeded in accordance with the rights of the parties.

Reversed.