THOMAS A. VICK v. L. H. WOOTEN ET ALS.

(Filed 8 March, 1916.)

**Parties—Infants—Partition—Estoppel.**

Where an infant residing with his grandmother has an interest in lands the subject of proceedings for partition, and was not properly represented therein, but his grandmother was a party thereto; and in such proceedings a division is made, allotting to the grandmother and himself her share as well as that of the infant; and after coming of age he joins in the conveyance, or executes a quitclaim deed to certain of the lands allotted to his grandmother and himself and receives at least his share of the purchase price, he is estopped by his acts and conduct to deny the validity of the judgment entered in the former proceedings, or to question the same in another proceeding for partition brought seven years after he has reached his majority, especially where the rights of innocent parties have intervened.

WALKER, J., dissenting.

APPEAL by plaintiff from *Bond, J.,* at November Term, 1915, of PITT.

*Harry Skinner, Manning & Kitchin, W. F. Evans, and Don. Gilliam for plaintiff.*

*Winston & Biggs for defendants.*

CLARK, C. J. This is an appeal by plaintiff in two actions brought by him and consolidated. Many of the questions presented in this record were before this Court in *Vick v. Tripp,* 153 N. C., 90. The question again presented is as to how far the plaintiff's rights were concluded by the partition proceeding. In that proceeding he was not a party, but he had an interest therein as a remainderman in fee under the will of T. A. Cherry, who was a tenant in common of a one-fourth undivided interest as one of the residuary devisees of his father, T. R. Cherry, who died in 1890. His son, T. A. Cherry, died in 1891, having devised all his estate to his mother, Sallie A. Cherry, for life, with the remainder to the plaintiff, who is the nephew of T. A. Cherry. A special proceeding for partition was brought in the Superior Court of Pitt County by J. B. Cherry, Sallie A. Cherry, and others. The plaintiff Thomas A. Vick was at that time an infant of tender years, and was not made a party nor represented by a guardian *ad litem,* nor was his name mentioned in the proceeding.

At the time the special proceeding began the title to the land which had belonged to the partnership stood as follows: J. B. Cherry, surviving partner, owned one undivided half interest therein; Lilian Cherry one-fourth of one-half; Mrs. Maggie S. James one-fourth of one-half; Mrs. Sallie Cherry one-fourth of one-half and a life estate in one-fourth of a half, and the plaintiff Vick the remainder after said life estate in said one-fourth of one-half. Though the plaintiff Vick was

not a party to that proceeding, one-half of one-half was allotted to Mrs. Sallie Cherry. At that time the plaintiff and his grandmother, Mrs. Sallie Cherry, were living together, and it is manifest that said double portion allotted to her embraced the one-fourth of one-half which she owned in fee and the one-fourth of one-half in which she had a life estate, with the remainder to her grandson, this plaintiff. The allotment was thus of their entire joint interests in said real estate.

On 21 July, 1905, the plaintiff Vick, being of full age, joined his grandmother, Mrs. Sallie Cherry, in conveying the store lot, which was a part of the allotment, to one Brown, for the full price of $3,900. This was held in *Vick v. Tripp,* 153 N. C., 95, to be a ratification by the plaintiff in selling the store and receiving the proceeds. The property allotted to Mrs. Sallie Cherry consisted of three pieces of property in which the plaintiff held a remainder interest as to one-half. This property consisted of the store in the conveyance of which the plaintiff joined, the Tripp farm of 192½ acres, and 3⅕ acres in Greenville.

When the case was here before, *Vick v. Tripp, supra,* the Court held that the effect of the partition proceedings was to set apart to Mrs. Sallie Cherry and the plaintiff their entire interests in the land, and that the joinder of the plaintiff in the conveyance to Brown of the store and his receipt of one-half of the proceeds was a ratification to that extent only. In the former action he sued to recover one-half of the Tripp farm and was declared entitled to it by the opinion in that case. But it appearing now that he has sold and disposed of all or nearly all of the 3⅕ acres of land that was allotted to Mrs. Sallie Cherry as his own, selling the same to divers parties and receiving their money under his deeds, and waiting more than seven years after coming of age, 21 July, 1915, before beginning this action in August, 1912, he is estopped, certainly in equity, if indeed it is not a legal bar, to institute this proceeding for a new partition of the whole property.

The plaintiff has not paid back any part of the $1,900 which he received for his half interest in the sale of the Brown store. His deeds to various parties purchasing the 3⅕ acres from him are a declaration of his intention to ratify the partition proceedings, as was his action to recover half of the Tripp farm. It can make no difference that these deeds were quitclaims. If after his arrival at age he had written a letter to his cotenants, ratifying the previous partition, it would have been sufficient.

In *Dawkins v. Dawkins,* 104 N. C., 302, the Court said that if an heir at law "receives his share of the purchase money he must be deemed to hold to, and impliedly assent to, and acquiesce in, the irregular order directing the title of the land to be made." The Court further said that this was especially so when there was long acquiescence without any complaint or notice of dissatisfaction, adding: "The Court will not

allow parties to temporize, trifle, and acquiesce in irregular proceedings and actions, taking the benefit of them for an unreasonable length of time to the prejudice of other parties, especially where the rights of third parties have supervened." In this case, so far as appears, there was no reasonable excuse for the long delay to move to set aside the judgment in question.

In *Love v. Love,* 38 N. C., 109, where an attempted division of the property of an intestate father had been made, and there was no administration on the estate, *Ruffin, C. J.,* held that the children of the intestate, who were infants at the time of the division, having after becoming adults acquiesced by long possession in severalty of the land, were bound and concluded by such division.

In cases of acquiescence for a great length of time by parties in the division irregularly made of realty the Court has always laid stress upon the absence of fraud and gross inequality in the division. In this case it is found as a fact that the two shares allotted to Mrs. Sallie Cherry in partition proceedings of *Cherry v. Cherry* in 1891 were double in value of either of the other shares allotted to the heirs of T. R. Cherry.

When the plaintiff came of age he had his election to ratify the division of the land or to disaffirm. By his conduct as above set out, and long acquiescence, he is estopped in good conscience to proceed now to have a new partition made when the rights of third parties have intervened and when it appears that he has received under the partition proceedings his full value of the property so partitioned.

Affirmed.

WALKER, J., dissenting.